IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

ADAM WALLACE,

        Plaintiff,

    v.

DAVID PEDRO, et al.,

        Defendants.

Case No. 2:23-cv-00704-YY

ORDER

YOU, Magistrate Judge.

Plaintiff, an adult in custody at the Eastern Oregon Correctional Institution ("EOCI"), brings this 42 U.S.C. § 1983 civil rights action as a self-represented litigant. Currently before the Court are Plaintiff's Motion for Temporary Restraining Order (ECF No. 26) and Amended Motion for Temporary Restraining Order (ECF No. 34). For the reasons that follow, the Court DENIES Plaintiff's Motions.[1]

## BACKGROUND

In his Amended Complaint, Plaintiff alleges that he was fired from a work assignment in at EOCI after complaining about rats in the food preparation area. He also alleges that he later lodged complaints regarding spoiled food. Plaintiff claims he was retaliated against in violation of his rights under the First Amendment, and subjected to cruel and unusual punishment under the Eighth Amendment. By way of remedy, Plaintiff seeks money damages, as well as

---

[1] All parties have consented to allow a Magistrate Judge to enter final orders and judgment in this case in accordance with Fed. R. Civ. P. 73 and 28 U.S.C. § 636(c).

1 - ORDER

injunctive relief, stating that "[h]e needs to be eligible for all food service positions effective immediately" and that "[t]he Food Production areas need to be cleaned and an exterminator needs to be brought in to prevent further ongoing rodent issues."

Plaintiff has filed a Motion for Temporary Restraining Order and an Amended Motion for Temporary Restraining Order in which, in addition to his allegations regarding spoiled food and rodents, he makes new allegations of fact not contained in his Amended Complaint. Specifically, Plaintiff alleges that: (1) there has been no hot water available for washing dishes and cooking food since April 1, 2024; (2) AICs have been instructed to use boiling water to wash dishes and have received burns as a result; (3) Defendant Emory, the Food Service Manager at EOCI, is using taxpayer funds for a privately-run business; (4) Emory is "taking food out of the facility and bringing food into the facility without authorization; and (5) Emory has ignored health inspector directives. Plaintiff asks the Court to issue preliminary injunctive relief to: (1) remove Emory from her position; (2) immediately close EOCI's food production areas and sculleries until hot water is restored; (3) require state and federal authorities to inspect the facility and institute "a hand washing program with hot water;" and (4) require an audit of the facility to be conducted by an outside agency.

## LEGAL STANDARDS

A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the [moving party] is entitled to such relief."[2] *Wiinter v. Natural Res. Def. Council*, 555 U.S. 7, 22 (2008). To establish entitlement to a preliminary injunction, a plaintiff

---

[2] Although Plaintiff captioned his motions as seeking a temporary restraining order, because Defendants received notice and responded, the motions are properly treated as a request for preliminary injunction, although the standard for either is basically the same. *Davis v. Allison*, Case No. 1:21-cv-00494-HBK, 2021 WL 3761216, at *1 n.2 (E.D. Cal. Aug. 25, 2021).

generally is required to demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id*. at 20.  "The elements of [this] test are balanced, so that a stronger showing of one element may offset a weaker showing of another. For example, a stronger showing of irreparable harm to plaintiff might offset a lesser showing of likelihood of success on the merits." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

In the alternative, the Ninth Circuit recognizes that " 'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id*. at 1132.  Thus, the court may enter a preliminary injunction "if there is a likelihood of irreparable injury to plaintiff; there are serious questions going to the merits; the balance of hardships tips sharply in favor of the plaintiff; and the injunction is in the public interest." *M.R. v. Dreyfus*, 697 F.3d 706, 725 (9th Cir. 2012) (citing *Alliance for the Wild Rockies*, 632 F.3d at 1132).

Courts apply a more exacting standard when the moving party seeks a mandatory, as opposed to a prohibitory, preliminary injunction.  *See Martin v. Int'l Olympic Comm.*, 740 F.2d 670, 675 (9th Cir. 1984) ("In cases such as the one before us in which a party seeks mandatory preliminary injunctive relief that goes well beyond maintaining the status quo pendente lite, courts should be extremely cautios about issuing a preliminary injunction") (citation omitted). Mandatory injunctive relief is disfavored, and should be denied at the preliminary injunction stage unless the facts and law clearly favor the moving party.  *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994).

3 - ORDER

Finally, where an individual in custody seeks a preliminary injunction or temporary restraining order with respect to prison conditions, such relief, if granted, "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2).

## DISCUSSION

In order to establish a likelihood of success on the merits, a plaintiff seeking preliminary injunctive relief must demonstrate a sufficient nexus between the injury claimed in the motion and the conduct asserted in the underlying complaint. *Pacific Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015). "The relationship . . . is sufficiently strong where the preliminary injunction would grant relief of the same character as that which may be granted fully." *Id*. (quotation marks omitted). "Absent that relationship or nexus, the district court lacks authority to grant the relief requested." *Id.*; *see also Saddiq v. Ryan*, 703 F.App'x 570, 572 (9th Cir. 2017) (affirming denial of preliminary injunction because the prisoner did not establish a nexus between the claims of retaliation in his motion and the claims set forth in his complaint).

Here, the majority of the claims underlying Plaintiff's motion and amended motion are different from the claims underlying his Amended Complaint. To the extent the claims contained in his motions exceed those alleged in his Amended Complaint, the Court lacks authority to grant the preliminary injunctive relief that Plaintiff seeks.

Moreover, in response to Plaintiff's motions, Defendants submitted the declaration of Liza Emory refuting Plaintiff's claims. Specifically, Emory provided evidence of the following: (1) Plaintiff, who has not held a prison work assignment in EOCI's kitchen for nearly two and one-half years, has not established that he has personal, firsthand knowledge of any current

4 - ORDER

conditions in EOCI's kitchen or scullery that would rise to the level of a constitutional violation; (2) while hot water was not available due to major plumbing issues from March 16 through April 10, 2024, after initially boiling water to wash dishes which proved not to be feasible, EOCI Food Services switched to disposable paper trays until the issue was fixed and the facility is now back to normal operations; (3) pest control provisions have been in place for the entire institution since late 2022; (4) the only prison grievance received from Plaintiff regarding "outdated and spoiled food" was based on Plaintiff's misunderstanding that a "batch" or production date is an expiration date; (5) Emory is not bringing food in or removing food from the institution, nor is she running a private business on taxpayer funds; and (6) EOCI Food Services has never disregarded health inspector requirements and in fact received a perfect score on its most recent health inspection. By contrast, Plaintiff offers no evidence supporting his claims.

Plaintiff has not established that he is likely to succeed on the merits of his claims. Moreover, Plaintiff cannot show that he will suffer irreparable harm absent injunctive relief or that the balance of equities and public interest warrant injunctive relief. Accordingly, Plaintiff's request for preliminary injunctive relief must be denied.

## CONCLUSION

For these reasons, the Court DENIES Plaintiff's Motion for Temporary Restraining Order (ECF No. 26) and Amended Motion for Temporary Restraining Order (ECF No. 34).

IT IS SO ORDERED.

DATED this 26th day of June, 2024.

/s/ Youlee Yim You
Youlee Yim You
United States Magistrate Judge