UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PENDLETON DIVISION

ADAM WALLACE,

        Plaintiff,

    v.

SUPERINTENDENT DAVID PEDRO,
et al.

        Defendants.

Case No. 2:23-cv-0704-YY

ORDER

Plaintiff Adam Wallace has brought suit against defendants alleging various claims arising out of his incarceration at Eastern Oregon Correctional Institution. Several motions are outstanding, which are resolved as follows:

## I.    Motion for Appointment of Counsel (ECF 53)

"[T]here is no absolute right to counsel in civil proceedings[,]" *Hedges v. Resolution Trust Corp. (In re Hedges),* 32 F.3d 1360, 1363 (9th Cir. 1994), and the court lacks authority to require counsel to represent litigants in civil cases. *See Mallard v. U.S. District Court,* 490 U.S. 296, 298 (1989). The court may, in its discretion, request that counsel represent an indigent civil litigant, but that decision is reserved for exceptional circumstances, which requires at least an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims in light of the complexity of the legal issues involved. *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). Such exceptional circumstances do not exist here. Thus far, plaintiff has been able to articulate his claims.

1 – ORDER

## II. Motions Requesting Discovery (ECF 54, 55)

Plaintiff has filed Motion: Request for Discovery (ECF 54) and Motion: Request for Additional Discovery (ECF 55) in which he requests various discovery from defendants. As this court previously found with respect to plaintiff's prior request for discovery, these requests are premature because plaintiff had not propounded requests to defendants for the discovery he seeks. Also, the motions do not comply with Federal Rule of Civil Procedure 37 or Local Rule 37.

## III. Motion for Interrogatories (ECF 68)

Plaintiff has filed a Motion: Interrogatories for Witnesses in which he poses questions to witnesses in this case. Federal Rule of Civil Procedure 33(a) allows a party to serve interrogatories "on any other party." It does not allow service of interrogatories on non-parties. Therefore, this motion is denied.

## IV. Motion for Extension of Time (ECF 76)

In this motion, defendants request an extension of time to respond to plaintiff's interrogatories. This motion is supported by good cause and is granted.

## V. Motion for Contempt (ECF 61)

Plaintiff moves the court for an order finding defendant Liza Emory in contempt based on false information contained in her declaration. Since the motion was filed, defense counsel has clarified that they accidentally overlooked plaintiff's late 2022 46-day work assignment in the pan room. This accidental omission does not rise to the level of contemptuous behavior. To the extent plaintiff otherwise challenges Emory's credibility, he can do that through summary judgment and trial.

//

**VI.     Motion for Contempt (ECF 74)**

Plaintiff moves the court for an order finding that Emory is a hostile witness and not credible because she has "purposely misled the court" about a statement by the health inspector regarding whether bowls should be used for food portioning. Plaintiff contends there are a number of incarcerated individuals who are willing to testify that the health inspector told Emory not to use bowls. These are arguments that can be made at summary judgment and trial. Any ruling in this regard would be premature. Therefore, the motion is denied.

**VII.    Motion for Contempt (ECF 78)**

Plaintiff has submitted another motion to treat Emory as a hostile and not credible witness. Again, this is a matter that is appropriate for summary judgment and trial. Therefore, this motion is denied.

**VIII.   Motion: Amended Petition (ECF 44) and Motion: Amended Complaint (ECF 49)**

Plaintiff has filed two documents, each of which is titled in such a way to suggest that he is requesting leave to file an amended complaint. To the extent plaintiff seeks to amend his complaint through these motions, they are denied with leave to refile a motion to amend by April 24, 2025. The proper way to move to amend a complaint is to attach a copy of the proposed amended complaint with the motion, which plaintiff has not done here. *See* LR 15.

The court also suggests that, if plaintiff files a new motion to amend the complaint, he should use the Complaint for Violation of Civil Rights (Prisoner Complaint) form for submitting his proposed amended complaint, as he did when he filed his original complaint. This helps to ensure that plaintiff has included all of the information necessary for valid complaint. The Clerk of the Court shall mail plaintiff two copies of the Complaint for Violation of Civil Rights (Prisoner Complaint) form along with a copy of this order.

If plaintiff needs additional time to file his motion to amend and proposed amended complaint, he may request it by filing a written motion. If plaintiff does not file a motion to amend the complaint by April 24, 2025, and that deadline is not extended, the case will proceed on the Amended Complaint filed on January 3, 2024, and the court will set deadlines for the completion of discovery and filing of motions for summary judgment.

IX.     **Motions for Summary Judgment (ECF 81) and Extension of Time (ECF 85)**

Plaintiff has submitted a "Response Regarding Summary Judgment and Extension of Time," which the court construes as a request for extension to file a reply to his motion for summary judgment and extension of time to do so. Defendants' response to plaintiff's motion for summary judgment points out that plaintiff has failed to submit any evidence in support of his motion for summary judgment. Plaintiff seeks to file a reply that includes the evidence that defendants claim is missing.

However, once plaintiff submits that evidence, defendants will have to be given an opportunity to respond to this evidence, which will necessitate a sur-response from defendants and then a sur-reply from plaintiff. Therefore, in the interests of efficiency, the court denies plaintiff's Motion for Summary Judgment *without prejudice and with leave to refile*. This renders plaintiff's motion for extension of time moot.

Plaintiff may refile his motion for summary judgment with evidence to support it. Plaintiff may refile his motion at any time before the dispositive motion deadline (which will be set after any motion to amend his complaint are resolved); however, it is advisable for plaintiff to file his motion for summary judgment after any motion to amend the complaint has been resolved and after discovery has been completed, because that is when the allegations will be finalized and the evidence will be more apparent to the parties.

X.      **Motion for Extension of Time (ECF 65)**

Defendants move to extend the deadline for summary judgment until after plaintiff's motions to amend are resolved. This motion is granted. The deadline for filing dispositive motions will be reset by the court as discussed above.

XI.     **Motions for Temporary Restraining Order (ECF 41, 56)**

Plaintiff has filed two more motions for temporary restraining order. Plaintiff again asserts that Emory is operating a private business and demands that various "corrections need to be addressed immediately," such as grease traps need to be emptied, trash containers need to have lids, a dishwasher needs to be installed, aprons need to be laundered, and other sanitation issued need to be addressed. These motions are denied for the same reasons plaintiff's prior motions for temporary restraining order were denied. *See* Order (June 26, 2024), ECF 38.

XII.    **Motion: No Further Retaliation (ECF 89)**

Finally, plaintiff has filed a motion for no further retaliation, in which he complains about a recent placement in disciplinary segregation, at which time he was advised that there was an investigation related to the Prison Rape Elimination Act. Plaintiff claims this allegation was "bogus" and that all of his legal work relating to this case was confiscated. He explains that he has been released from segregation but has been removed from his orderly position with the Joys Loving Assisted Dogs program and his new employment position pays $30 less a month than his orderly position. He requests an injunction to immediately cease and desist any further retaliation.

Again, as explained to plaintiff in the court's June 26, 2024, "[t]o the extent the claims contained in his motions exceed those alleged in his Amended Complaint, the Court lacks

5 – ORDER

authority to grant the preliminary injunctive relief that Plaintiff seeks." Order (June 26, 2024), ECF 38. Therefore, this motion is denied.

DATED March 24, 2025.

                                                /s/ Youlee Yim You
                                         Youlee Yim You
                                         United States Magistrate Judge

6 – ORDER